IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND LEE CAVITT, | § | |
| *Petitioner*, | § § § | |
| v. | § | CIVIL ACTION NO. H-16-3137 |
| LORIE DAVIS, | § § § | |
| *Respondent*. | § | |

### ORDER

The Court dismissed this *pro se* state inmate section 2254 lawsuit on February 16, 2018. The Fifth Circuit Court of Appeals denied petitioner a certificate of appealability on November 2, 2018. On January 28, 2019, petitioner filed the pending Rule 60(b)(6) motion to set aside the Court's dismissal order. (Docket Entry No. 70.)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b)(6) movant must also show "extraordinary circumstances justifying the reopening of a final judgment." *Id*. at 535. However, a federal district court examining a Rule 60(b) motion must first determine whether the motion constitutes an unauthorized successive habeas petition.

In *Gonzalez*, the Supreme Court distinguished between a subsequent habeas petition and a true Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for

relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

In the instant motion, petitioner challenges the court's substantive resolutions of his earlier habeas claims. Consequently, his Rule 60(b)(6) motion stands as a successive habeas petition. Public records for the Fifth Circuit Court of Appeals show that petitioner did not obtain authorization from that court to file a successive petition. This Court is without jurisdiction to proceed on petitioner's Rule 60(b)(6) claims, and his motion must be dismissed for want of jurisdiction as an unauthorized successive petition.

For the above reasons, petitioner's Rule 60(b)(6) motion (Docket Entry No. 70) is DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION as an unauthorized successive habeas petition. A certificate of appealability is DENIED.

Signed at Houston, Texas on January 31, 2019.

Gray H. Miller
Senior United States District Judge